The indebtedness is past due and unpaid. The trustee, Hall, was about to sell the land at the request of Terrell to satisfy the indebtedness. Mountain Townsite Company seeks an injunction to prevent such sale on the same grounds involved in cause No. 6637, Mountain Townsite Company v. L. B. Cooper et al., 73 S.W.(2d) 90, this day decided by this court.

The district court refused the injunction after hearing. The Court of Civil Appeals [65 S.W.(2d) 1119] affirmed such judgment. The Supreme Court granted writ of error on application of Mountain Townsite Company on account of the moratorium question involved. The Supreme Court entered an order staying the sale pending adjudication of the case by it.

All law questions involved in this case have been determined in cause No. 6637, supra. There is no necessity for further discussion here.

The judgments of the Court of Civil Appeals and district court are both affirmed, and all restraining orders heretofore issued by this court are hereby dissolved.

Opinion adopted by the Supreme Court June 19, 1934.

**PLAINVIEW BUILDING & LOAN ASS'N v. ROBBINS et al.**

**GUARDIAN TRUST CO. v. TURNER et al.**

**BROUSSARD et al. v. BEAUMONT PETROLEUM SYNDICATE et al.**

**MURPHY v. PHILLIPS et al.**

**CHRISTIAN v. JONES.**

**ROGERS v. JONES.**

**KNOX et al. v. MORRISON et al.**

**ADREAN et al. v. JEFFERSON STANDARD LIFE INS. CO. et al.**

**COWEN et al. v. RABEL et al.**

**ORIVE et al. v. A. J. RABEL et al.**

Nos. 6556, 6584, 6612, 6629, 6646, 6647, 6677, 6695, 6700, 6701.

Supreme Court of Texas.
May 16, 1934.

C. D. Russell, of Plainview, for appellant.

J. W. Faulk, of Plainview, for appellee.

Walter H. Walne and Baker, Botts, Andrews & Wharton, all of Houston, for appellant.

John & Levy, A. M. John, and Sam W. Levy, all of Houston, for appellee.

Lipscomb & Lipscomb, of Beaumont, for plaintiffs in error.

Oliver J. Todd, of Beaumont, for defendant in error.

J. R. Norvell and Kelley, Looney & Norvell, all of Edinburg, for plaintiff in error.

G. F. Dohrn, of Mission, for defendants in error.

John J. Pichinson and Fred H. Woodard, both of Corpus Christi, for plaintiff in error.

John C. North, of Corpus Christi, for defendant in error.

James A. King, of Austin, for plaintiff in error.

Terrell, Davis, Hall & Clemens, of San Antonio, for defendants in error.

A. K. Black, of Brownsville, for plaintiffs in error.

Seabury, George & Taylor and V. W. Taylor, all of Brownsville, and A. J. Rabel, of Harlingen, for defendants in error.

Raphael Cowen, of Brownsville, for plaintiffs in error.

A. J. Rabel, of Harlingen, and Seabury, George & Taylor, of Brownsville, for defendants in error.

PER CURIAM.

This cause was brought under the terms of, and for the purpose of obtaining relief under, chapter 102, Acts of the Regular Session of the 43d Legislature, which became effective May 1, 1933 (Vernon's Ann. Civ. St. art. 2218b). The act by its terms is effective in no event beyond May 1, 1934. Since the statute is no longer operative, the cause is deemed moot, and is, for that reason, dismissed; and any injunctive or restraining order heretofore entered by this or any lower court is hereby dissolved.

The views of Chief Justice CURETON, concurring in the dismissal of the cause, are expressed in a memorandum this day filed.

CURETON, Chief Justice (concurring).

I concur in the dismissal of the above-named cases, not because I think they are moot, for as to that I am not convinced, but because I am of the opinion that the statute under which the actions were brought is violative of sections 16 and 19 of article 1 of the Constitution of Texas, which render void any law impairing the obligation of contracts.

I refrain from elaborating my views at the present time, for the reason that it is quite likely that cases involving a somewhat similar constitutional question may be presented to this court under another and more recent legislative enactment, relating to the same subject as the statute which was made the basis of action in the cases named above.